Mohammed ISLAM, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–60703.

United States Court of Appeals,
Fifth Circuit.

Decided March 9, 2006.

Husein A. Abdelhadi, Abdelhadi & Associates, Dallas, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Norah Ascoli Schwarz, Ann Carroll Varnon, U.S. Department of Justice, Civil Division Immigration Litigation, Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service, District Directors Office, New Orleans, LA, for Respondent.

Before JONES, Chief Judge, WIENER and PRADO, Circuit Judges.

PER CURIAM: *

Petitioner Mohammed Islam seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of his application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. We dismiss his petition regarding the denial of asylum for lack of jurisdiction and we affirm the order denying withholding of removal.[1]

## I.  FACTS AND PROCEEDINGS

Petitioner is a 38–year–old native and citizen of Bangladesh. He entered the United States legally in May of 2000 pursuant to an H–4 visa, which permitted him to accompany his wife, who had obtained a job and came here on an H–1 work visa. Their visas were valid until December 2002. After overstaying his visa, Petitioner was issued a Notice to Appear in April of 2003. He admitted the charges and conceded removability, but in February of 2004 Petitioner filed an application for asylum, withholding of removal, protection under the CAT, and voluntary departure, claiming refugee status because of his fear of political persecution were he to be removed to Bangladesh.

Before the IJ, Petitioner claimed that his trouble with the Bangladesh Nationalist Party ("BNP"), which is currently in power, began when he became active as a student leader in the Awami League, an opposition party. He testified about various incidents that purportedly occurred while he was in college, including a 1986 arrest for inciting student protests against the government and a beating he suffered a few months later at the hands of BNP supporters who had prevented him from sitting for his academic exams. After receiving medical treatment Petitioner fled to his uncle's home in another city for two months. Later that year, stated Petitioner, he was beaten and threatened again by a group of BNP supporters. Petitioner also described an incident in 1987 in which a gang of rivals forced its way into his parents' home, interrogated them about his whereabouts, and destroyed furniture, windows, and a television set. Petitioner stated that when he tried to file a complaint with the police, who he alleges were controlled by the BNP, they refused to take his complaint.

In 1989 Petitioner left Bangladesh for the former Soviet Union, where he continued his studies. He stated that he feared returning home, and that during a 1992 visit for his sister's wedding, he was forced to depart quickly when members of the opposition party learned that he was there. He did not return again until after the election of 1996, when the Awami League gained control of the government. According to Petitioner, he resumed his active role in the party, including service as Organizing Secretary for his hometown, from 1998 through 2000. While back in Bangladesh Petitioner got married, and in May of 2000 accompanied his wife to Dallas, Texas, where she had obtained a job as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. In his briefs submitted to this court Petitioner does not challenge the denial of his claims for protection under the CAT and for voluntary departure; these claims are therefore deemed waived. *See Yohey v. Collins*, 985 F.2d 222, 223–24 (5th Cir.1993); FED. R.APP. P. 28(a) (briefing requirements).

a programmer. Their visas expired in December 2002.

After being ordered to appear on the charge of overstaying his visa, Petitioner applied for the several methods of relief noted above. The IJ denied the application after a hearing, and Petitioner appealed to the BIA, which adopted the findings of the IJ and affirmed his oral decision. In July of 2005 Petitioner filed the instant petition for review.

## II. ANALYSIS

### A. Standard of Review

We ordinarily review BIA decisions without considering the findings of the IJ.[2] When the BIA's decision specifically adopts the findings of the IJ, however, they are appropriately subject to our review.[3] The IJ's legal conclusions are reviewed *de novo;* his factual conclusions are reviewed for substantial evidence.[4] "Under the substantial evidence standard applicable to reviews of denials of asylum, we must defer to the [IJ]'s factual findings unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise." [5]

### B. Merits

#### 1. Denial of Petitioner's Application for Asylum as Time–Barred

■ An alien is required to file an application for asylum within one year after the date of his arrival in the United States.[6] An exception to this limitations provision applies "if the alien demonstrates to the satisfaction of the Attorney General ... extraordinary circumstances relating to the delay in filing an application within the period specified." [7] One extraordinary circumstance that qualifies for this exception is the applicant's having maintained lawful immigrant or nonimmigrant status pursuant to a valid visa.[8] Still, an alien claiming such extraordinary circumstances must file his application "within a reasonable period given those circumstances," [9] and in this case the IJ found that Petitioner failed to do so.[10] The statute governing applications for asylum provides that "no court shall have jurisdiction to review" a determination by the Attorney General that an application is time-barred.[11] The BIA's order in this case expressly held Petitioner's asylum application time-barred, a determination that strips us of jurisdiction to conduct a judicial review. We thus dismiss Petitioner's asylum claim for lack of jurisdiction.

#### 2. Order Denying Withholding of Removal is Supported by Substantial Evidence

Unlike an application for asylum, there is no time bar for withholding of removal. We therefore have jurisdiction to review denial of such relief.[12] "To be eligible for withholding of removal, an applicant must

2. *Efe v. Ashcroft,* 293 F.3d 899, 903 (5th Cir. 2002).

3. *Chun v. INS,* 40 F.3d 76, 78 (5th Cir.1994).

4. *Girma v. INS,* 283 F.3d 664, 666 (5th Cir. 2002).

5. *Id.* (quoting *Mikhael v. INS,* 115 F.3d 299, 304 (5th Cir.1997)).

6. 8 U.S.C. § 1158(a)(2)(B) (2005).

7. *Id.* § 1158(a)(2)(D).

8. 8 C.F.R. § 208.4(a)(5)(iv) (2005).

9. *Id.* § 208.4(a)(5).

10. *See* Order of BIA, July 11, 2005.

11. 8 U.S.C. § 1158(a)(3) (2005).

12. *Yuqing Zhu,* 382 F.3d at 528 (citing 8 U.S.C. § 1231(b)(3)(A)).

demonstrate a 'clear probability' of persecution upon return.... A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution" if he were removed to his country of origin.[13] "There must be some particularized connection between the feared persecution and the alien's race, religion, nationality or other listed characteristic. Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution."[14] The IJ's determination that Petitioner failed to make such a showing is supported by substantial evidence. As explained below, we affirm the IJ's denial of Petitioner's application for withholding of removal.

### a. IJ's Credibility Determinations

■ Petitioner asserts that the BIA erred in affirming the IJ's determination that he was not a credible witness. On appeal, the IJ's decisions concerning an alien's credibility are entitled to great deference,[15] and there is nothing in the record that casts serious doubt on such determinations in this case. The IJ noted inconsistencies in Petitioner's testimony concerning events of persecution or harassment that he had allegedly suffered, which inconsistencies caused the IJ to doubt that the events actually occurred.[16] The IJ observed that the testimony was "extremely general and lacking in detail and the respondent cannot seem to remember from one telling to the next" when important incidents occurred. In general, the IJ found Petitioner's testimony "spacy in terms of relating these incidents."[17] Particularly given the great degree of deference to which the IJ's credibility assessments are entitled, we perceive no reason to question this finding.

### b. Petitioner's Failure to Establish Past Persecution

■ The standard for "[w]ithholding of removal is a higher standard than [for] asylum, ... which requires a showing of past persecution or a well-founded fear of persecution."[18] "To show a well-founded fear of persecution, an alien must have a subjective fear of persecution, and that fear must be objectively reasonable."[19] The burden of proof is on the applicant, and unless his testimony is deemed credible, persuasive, and specific, he must provide corroborating evidence.[20] Given the heightened standard for withholding of removal, an applicant who fails to satisfy the "well-founded fear" standard for asylum necessarily fails to satisfy his burden with respect to withholding of removal.

The IJ found it "a little bit of a stretch to assume that people are still going to be after respondent because of activities he was undertaking when he was 17 and 18 and 19 and 20 years old when he is now 36 and it is the year 2004."[21] The IJ simply was not satisfied with the evidence offered to corroborate Petitioner's claim. In par-

---

13. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir.2004) (citation omitted); *Mikhael*, 115 F.3d at 306.

14. *Id.* (quoting *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir.1994)).

15. *Efe*, 293 F.3d at 903.

16. *See* Order of April 28, 2004, at 9.

17. *Id.*

18. *Roy*, 389 F.3d at 138 (quoting *Efe*, 293 F.3d at 904, 906).

19. *Lopez–Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir.2001).

20. *See* 8 U.S.C. § 1158(b)(1)(B)(i)-(ii) (2005).

21. Order of April 28, 2004, at 7.

ticular, the IJ noted that "we have really nothing from Bangladesh except these two first information reports and a couple of letters," which he found unhelpful.[22] He also gave little credence to an undated letter addressed "To Whom It May Concern," which gave "no reference to this respondent's personally having had any particular problems in Bangladesh or ... arrest warrants or anything else."[23] The IJ was similarly concerned that none of Petitioner's family members who are in Bangladesh submitted affidavits or other supporting evidence.[24]

One item of potentially probative corroborating evidence was an arrest warrant issued in Bangladesh on July 24, 2001, purportedly naming Islam and accusing him and others of a serious crime.[25] This potential evanesced, however, when the IJ noted that the warrant was issued at a time when the Awami League was in control of the government and Petitioner had been in the United States for 14 months.[26]

In addition to the absence of any meaningful corroborating evidence objectively showing a threat of persecution, the IJ determined that Petitioner had not met his burden of demonstrating even a subjective fear. The IJ observed that Petitioner "was in and out of Bangladesh at least on three occasions[, which] would suggest to the Court that he is talking about ancient history here and by his own conduct he has not manifested any very high level of concern that these incidents are going to happen again."[27] As the evidence presented was not "so compelling that no reasonable fact finder could fail to find otherwise,"[28] we shall not disturb the IJ's determination that Petitioner failed to satisfy his burden of proof. Thus, the IJ's order denying withholding of removal is affirmed.

## III. CONCLUSION

We are without jurisdiction to review the denial of Petitioner's application for asylum as time-barred, so we dismiss Petitioner's asylum application. As for Petitioner's claim for withholding of removal, our careful review of the record and consideration of the arguments presented in the parties' briefs satisfies us that the IJ's order denying such relief is supported by substantial evidence and thus must be affirmed.

DISMISSED in part; AFFIRMED in part.

---

22. *Id.*

23. *Id.*

24. *Id.*

25. The name on the arrest warrant was "Mohammed Saiful Islam," but aside from Petitioner's testimony there was no evidence that the individual named was in fact Petitioner.

26. Order of April 28, 2004, at 5.

